Filed 11/1/22 P. v. Young CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079253 |
| v. | (Super. Ct. No. FCH02413) |
| ZURI S. K. YOUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Steve C. Malone, Judge. Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.

## INTRODUCTION

This is defendant and appellant Zuri S. K. Young's fourth appeal in this matter, attempting to recall his indeterminate 25-year-to-life sentence pursuant to Penal Code

1

section 1170, subdivisions (c) and (d)(1) and Penal Code section 1170.1226. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so. We find no error and affirm the order denying defendant's petition for recall of sentence.

## II.

## PROCEDURAL BACKGROUND[1]

In May 1998, a jury found defendant guilty of one count of battery by a prisoner on a non-confined person under Penal Code[2] section 4501.5. After a subsequent bench trial, the trial court found true that defendant had suffered prior strike convictions for four counts of attempted murder under sections 664 and 187, and one count of robbery under section 211, all of which were violent or serious felonies under section 667, subdivisions (b) through (i). The trial court denied defendant's motion to strike his prior strike convictions, and sentenced defendant to a term of 25 years to life in state prison.

In his first appeal, defendant appealed from the trial court's denial of his petition for resentencing under section 1170.126, known as the Three Strikes Reform Act of 2012

---

[1] The factual background of the underlying conviction is not relevant to this appeal. The procedural background is taken verbatim from our nonpublished opinion in defendant's prior appeal in case No. E070967 unless otherwise indicated. (See *People v. Young* (Nov. 13, 2008, E070967) [nonpub. opn.] (*Young III*).)

[2] All future statutory references are to the Penal Code.

(Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).  (See *People v. Young* (Mar. 11, 2014, E059931) [nonpub. opn.] (*Young I*).)  Finding defendant ineligible for resentencing under section 1170.126, subdivision (e)(3), due to defendant's four counts of attempted murder (§§ 664/187), this court affirmed the trial court's order denying defendant's petition for resentencing under section 1170.126.  (See *Young I*, *supra*, E059931, at pp. 3-4.)

On October 6, 2014, defendant filed a petition entitled "'Recall of Commitment and Sentence Pursuant to CCR Title 5, 3076(c)(d) and Pen. Code § 1170(c)(d).'  On November 25, 2014, the trial court ruled on defendant's petition as follows:  'the Court has read and considered Petition for Recall of Sentence pursuant to PC 1170.126.  The Court finds that Petitioner does not satisfy the criteria in PC 1170.126(e) and is not eligible.  The petition for recall of sentence is denied.'"  (*Young III*, *supra*, E070967, at pp. 2-3.)

On December 29, 2014, defendant filed a notice of appeal from the trial court's "'[f]inding defendant ineligible as a matter of law for resentencing under PC 1170.126.'"  (*Young III*, *supra*, E070967 at p. 3.)  In a nonpublished opinion (*People v. Young* (May 18, 2015, E062610) [nonpub. opn.] (*Young II*)), this court affirmed the trial court's November 25, 2014 order denying defendant's petition for recall of sentence.

On May 3, 2018, defendant filed another petition entitled "'Petition for Recall of Sentence Pursuant to CCR Title # 15 § 3076(a)(1)(2)(3); P.C. § 1170(c).'"  (*Young III*, E070967, *supra*, at p. 3.)  Defendant, however, did not limit the petition to the above-

noted authorities. Defendant petitioned for relief claiming that the 1998 court did not know he was serving his first term in prison; that no Three Strikes law existed when he pleaded to his prior offenses in 1993; that the 1993 offenses were not brought and tried separately; that he was entitled to relief under Propositions 36, 47, and 57; and that he had served time for 25 years and paid his restitution. (*Young III*, *supra*, E070967, at p. 3.)

On June 22, 2018, in a written statement of decision, the trial court denied defendant's petition. The trial court noted that defendant was convicted in 1998 of one count of battery on a correctional officer (§ 4501.5) in case No. FCH02413, that defendant waived jury trial on his prior strike allegations, which the 1998 court found true, and that defendant was sentenced to 25 years to life in prison. The court also pointed out that defendant appealed from the judgment and sentence in that case and that defendant's conviction and sentence were affirmed on appeal. The court further stated that defendant had also "'"filed" a number of "Writs," which were likewise denied.'" (*Young III*, *supra*, E070967, at p. 4.) The court further stated that defendant's issues relating to the sufficiency of his prior strike allegations would have or should have been raised on appeal and that defendant could not relitigate the sufficiency of the evidence to support the court's true findings on the prior strike allegations at that time. The court also found defendant's claims of several "'"changed circumstances"'"" as a basis for recall of sentence unmeritorious, explaining the court was aware of the alleged change in circumstances from the probation report considered by the court. (*Young III*, *supra*,

4

E070967, at p. 4.) The court also noted that "'The fact that the prior convictions occurred prior to the passage of the 3 strikes law, and were a negotiated plea where all counts were brought in a single complaint does not affect the validity of application of the 3 strikes law to Defendant.'" (*Ibid*.) The court concluded that defendant was ineligible for relief, noting the time to file a petition under Proposition 36 had expired; defendant was statutorily ineligible for relief under Proposition 47 due to the nature of the charges; and any consideration for conduct credits pursuant to Proposition 57 was "'to be addressed by the Department of Corrections.'" (*Young III*, *supra*, E070967, at p. 4.)

Defendant subsequently appealed. On November 13, 2018, we affirmed the superior court's order denying defendant's third petition for recall of sentence. (*Young III*, *supra*, E070967, at pp. 1-5.)

On April 19, 2022, defendant filed a fourth petition for recall of sentence pursuant to section 1170, subdivision (c)(d)(1), section 1170.126, and Senate Bill Nos. 81 and 82.

On May 18, 2022, the trial court summarily denied the petition. In its minute order, the court noted as follows: "The Court has received the application for recall of sentence pursuant to Penal Code 1170(c)(d)(1)[.] The record does not establish that the defendant was under 18 years of age at the time of the offense of battery by a life term inmate on a non-inmate. [¶] The defendant also requests relief under 1170.126 which has previously been denied. The conviction for PC4501.5 is defined as a serious felony under 1192.7(c) 12 and does does [*sic*] not qualify for relief." Defendant timely appealed.

5

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background, and requesting this court to conduct an independent review of the record. Counsel did not identify any potential arguable issues on appeal.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his letter brief, defendant argues the trial court erred in denying his petition for recall of sentence under section 1170, subdivision (c)(d)(1), and section 1170.126 based on multiple changes in circumstances, an illegal sentence, and other unintelligible reasons.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a post-judgment petition for recall of sentence. (See *People v. Delgadillo*, rev. granted Feb. 17, 2021, S266305; see Cal. Rules of Court, rule 8.512(d)(2).) Recent Court of Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned *if* the defendant does not file a supplemental brief. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1032, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131,

review granted Mar. 17, 2021, S266853.) Some cases have explained that we have discretion to review the record independently for arguable issues, either where an initial review does not show the defendant is obviously ineligible for relief or as a routine matter. (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599; *People v. Flores* (2020) 54 Cal.App.5th 266, 269-274.)

In this case, because defendant filed a supplemental brief, we will conduct a *Wende* review of the order denying his fourth petition for recall of sentence. For the reasons explained by the trial court, we find that the court did not err in denying defendant's fourth petition for recall of sentence pursuant to section 1170, subdivision (c)(d)(1), and section 1170.126. We reject defendant's unsupported claims on appeal, and note that defendant is estopped from relitigating issues resolved with finality in his prior appeals.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant would result in reversal or modification of the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## IV.

## DISPOSITION

The postjudgment order denying defendant's fourth petition for recall is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.